UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEITH D. KNIGHT,

        Plaintiff,

-against-

EFRIN ROMERO of Bronx D.A. Office, et al.,

        Defendants.

1:18-CV-10724 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action asserting that the defendants violated his federal constitutional rights and participated in other illegal acts. Plaintiff filed three letters in this action after he filed his complaint. (ECF 1:18-CV-10724, 4-6.) The Court construes those letters as supplements to Plaintiff's complaint. By order dated August 2, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons discussed below, the Court dismisses this action.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint, or portion thereof, when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of*

*Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff sues employees of the Bronx County District Attorney's Office and the New York City Police Department. But Plaintiff's complaint and supplements are almost incomprehensible. In his complaint, Plaintiff alleges that the defendants

> conspired as a tort liability to convert a electronic surv[ei]llance tool that absorbs radio signals and E.M.F. toxins to attach to C.P.U. from my surgical knee hardware with bullet shell placed on top as a radio frequency identification device in a prejudice investigation of non human rights as tort of Latino law enforcement called "Cinco De Mayo." Now attempting to leave barcoded with radio causing over ten injuries of E.M.F. and attempt cancer my body, deny reproductive organs through pen[i]s and rectum. E.M.F. radiation absorb even unidentifiable death where I am EMF tortured 24/7. Never a second to myself after ran out of employment and home 1-5-2017. Pain and suffering through torture of E.M.F. daily, past, present, deny swallows, $40,000,000. Forced to locate library mention to locate a lower level location similar to subway where those mentioned hid radio signal of torture with noise on subway. Now civilians @ library are chemical reacting choking, sneezing, frequency limb shivering and constant restroom as those mentioned loose bodily functions . . . to my R.F.I.D. converted knee drags military generated botulinum. To deny me a swallow passage and build bacteria radio welps. The system they use when my knee goes up. They push signals down to allude . . . .

(ECF 1:18-CV-10724, 2, pp. 5-6.) Plaintiff also alleges that he has "over ten E.M.F. burns [on] parts of my body . . . ." (*Id.* p. 6.) He makes similar allegations in the supplements to his complaint. (ECF 1:18-CV-10724, 4-6.)

## DISCUSSION

**A.    Plaintiff's claims**

Even when the Court reads Plaintiff's complaint and supplements with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 475, the Court must dismiss Plaintiff's claims as frivolous. Plaintiff's allegations rise to the level of the irrational, and there is no legal theory on which he can rely. *See* 28 U.S.C. § 1915(e)(2)(B)(i); *Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

**B.    Leave to amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

**C.    Litigation history**

The Court notes that after Plaintiff filed the complaint commencing this action, Judge Stanton of this Court warned Plaintiff, in another of Plaintiff's *pro se* actions brought in this Court, about the consequences of continuing to file duplicative or frivolous litigation in this Court. *See Knight v. As "Test Liability" 99th Tenth Ave NY NY 10011 D.E.A.*, No. 1: 18-CV-4166, 6, p. 3 (S.D.N.Y. Dec. 14, 2018); *see also Knight v. Arroyyo*, No. 1:18-CV-11030, 4, p. 3 (S.D.N.Y. May 9, 2019) (warning reminder). That warning remains in effect.

3

## CONCLUSION

The Court directs the Clerk of Court to assign this matter to my docket and note service on the docket.[1] The Court dismisses this action as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court further directs the Clerk of Court to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: August 19, 2019
       New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

---

[1] Plaintiff has consented to electronic service of Court documents. (ECF 1:18-CV-10724, 3.)